# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| STEPHANIE MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV617-115 |
| EAST GEORGIA REGIONAL MEDICAL CENTER, *et al.*, | ) | |
| Defendant. | ) | |

## **ORDER**

Proceeding *pro se* and *in forma pauperis*, plaintiff Stephanie Moore brings this complaint for employment discrimination under the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), alleging defendant failed to accommodate her light-duty request. Doc. 1 at 1. The Court now screens her Complaint pursuant to 28 U.S.C. § 1915.[1]

The Civil Rights Act prohibits an employer from refusing to hire, discharging, or otherwise discriminating against any individual "because

---

[1] In cases like this one where the plaintiff is proceeding *in forma pauperis*, doc. 4, the Court must screen each case, and dismiss it if either the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a) (1994). In 1978, Congress passed the Pregnancy Discrimination Act ("PDA") to clarify that discrimination "because of sex" or "on the basis of sex" includes discrimination because of or on the basis of pregnancy. 42 U.S.C. § 2000e(k). This means that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to do work . . . ." *Id.*

To establish a *prima facie* case of pregnancy discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) she suffered from differential application of work or disciplinary rules. *Armstrong v. Flowers Hospital, Inc.*, 33 F.3d 1308, 1314 (11th Cir.1994), *cited in Sermons v. Fleetwood Homes of Georgia*, 227 F. Supp. 2d 1368, 1375 (S.D. Ga. 2002). Here, Moore contends that she was qualified (a Certified Nursing Assistant cross-trained to perform clerical functions), a member of a protected class (pregnant), suffered an adverse

employment action (her request for reassignment to light-duty work[2] to accommodate her pregnancy was denied and she was forced to resign[3]),

---

[2]  Moore explains that

> [Her] job assignment included the care of debilitating, disable, and total care patients that required frequent lifting, turning, pushing, and pulling patients for toileting and bowel programs, care of bed sores and standard protocols for prevention of bed sores by position of bed bound patients every two hours during a twelve hour shift. Plaintiff's job also required prolonged standing during most of her shift. Plaintiff's job required her to work twelve-hour shifts for three to four days a week. In an email to her supervisor, Stacey Hammock, dated November 16, 2015, the Plaintiff requested light duty and reasonable accommodations because of her pregnancy [ ]. The Plaintiff requested to work "as needed" (PRN) or be reassigned to a clerical position that she had been cross-trained to do. Respondent denied her request for "light duty" on November 18, 2015[,] through text correspondence [ ].
>
> [ . . . ]
>
> Repeatedly, the Plaintiff requested "light duty" because of her temporarily disabling condition. On December 24, 2015, the Plaintiff's physician, Dr. Raphael Jordan provided the Plaintiff with a "pregnancy work guideline" order [ ]. The guidelines restricted the Plaintiff from prolonged standing, heavy lifting greater than twenty pounds, and restricted her to an 8-hour workday. On December 28, 2015, the Plaintiff submitted her physician pregnancy work guideline orders to the Respondent [ ]. Later that same day, the Plaintiff's supervisor acknowledged receipt of those guidelines by sending her a text message that stated that the Respondent had refused her request for accommodations[.] . . . Subsequently, on January 13, 2016, the Plaintiff's supervisor then forced the Plaintiff off of the shift schedule via text message and stated that she would no longer allow her to work until she was able to work twelve hour shifts [ ]. On January 21, 2016, after learning that the Respondent had not complied with his December 28, 2015, pregan[cy] work guideline, Plaintiff's doctor faxed to Respondent a second light duty order, [stating]: "Stephanie is not able to work a Twelve (12) hour shift. Due to ongoing problems with lower back pain and lower abdominal/pain, she has been advised against any pushing/pulling type of duties. I have advised Stephanie to begin maternity leave of absence from her normal work duties as of 01/21/2016" [ ].
>
> Based on the Respondent's actions of not accommodating her with light duty work and then removing her from the work schedule while she was pregnant, Plaintiff having no confidence that the Respondent would accommodate her

and that it was done so solely on the basis of her pregnancy. Doc. 1 at 3-5. That is enough, at this stage, to warrant a response from the defendants.[4]

Accordingly, Stephanie Moore's pregnancy discrimination is greenlit for service. The Clerk is **DIRECTED** to forward a copy of this Order along with Moore's Complaint to the Marshal for service upon defendant East Georgia Regional Medical Center.

---

while she was recovering from childbirth, the Plaintiff was forced to resign on April 12, 2016.

Doc. 1 at 3-4.

[3] "A constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in [the employee's] position would have been compelled to resign." *Fitz v. Pugmire Lincoln-Mercury*, Inc., 348 F.3d 974, 977 (11th Cir. 2003).

[4] Moore has attached her right-to-sue notice from the Equal Employment Opportunity Commission, and adequately demonstrated at this stage that her Complaint is timely filed. *See* doc. 1 at 33 (dated May 19, 2017). "For an EEOC charge to be timely[,] . . . [it] must be filed within 180 days of when the alleged violation occurred. 42 U.S.C. 200e-5(e)(1); *Wilkerson* [*v. Grinnell Corp.*] 270 F.3d [1314,] . . . 1317 [(11th Cir. 2001)]. Once the EEOC dismisses the charge and notifies the plaintiff of her right to sue, the plaintiff has 90 days in which to file suit on her claims in district court. 42 U.S.C. § 2000e-5(f)(1); *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000)." *Abram v. Fulton Cty. Gov't*, 598 F. App'x 672, 674 (11th Cir. 2015). In addition to timely filing the charge, a prospective Title VII plaintiff must exhaust her available administrative remedies, specifically by filing a complaint with the EEOC so that the EEOC can complete a full investigation *before* he comes to Court. *See, e.g., Burnett v. City of Jacksonville, Fla.*, 376 F. App'x 905, 906 (11th Cir. 2010). This Court has noted that there is disagreement among jurists about whether timeliness and exhaustion are pleading requirements. *See Dawkins v. J.C. Lewis Primary Health Care*, 2015 WL 1607989 at * 2 (S.D. Ga. April 8, 2015) (citing *Luckey v. Visalia Unified Sch. Dist.*, 2014 WL 730699 at * 2 (E.D. Cal. Feb. 24, 2014)). Regardless, Moore filed her Complaint on August 17, 2017, within 90 of the EEOC's right-to-sue notice.

4

**SO ORDERED**, this  17th   day of November, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA